ISRAEL EIGEN, PLAINTIFF-APPELLEE, v. JOHN G. ROSOLIN, DEFENDANT-APPELLANT.

Submitted December 4, 1913—Decided February 24, 1914.

Section 4 of the act concerning the sale of goods and to make uniform the law relating thereto, which forbids the enforcement of a contract for the sale of goods of the value of $500 or upwards unless the buyer shall accept and receive part or give something in earnest to bind the contract, or unless there be a writing signed by the party to be charged, having been adopted subsequent to and being inconsistent with section 6 of the statute relating to frauds and perjuries, supersedes that section of the statute, and allows the enforcement of a contract for sale of goods and chattels to the value of $500 without the presence of the limiting conditions contained in either of the sections referred to.

On appeal from the Passaic District Court.

Before Justices SWAYZE and BERGEN.

For the plaintiff-appellee, *Weinberger & Vanecek.*

For the defendant-appellant, *Eugene Dotto* and *Philip J. Schotland.*

The opinion of the court was delivered by

BERGEN, J. The plaintiff brought his action against the defendant in the Passaic District Court to recover upon an account stated, and the defendant filed a set-off "for the

value of a safe sold by the defendant to the plaintiff by verbal contract, which safe was never delivered to the plaintiff nor accepted by him." The trial court overruled all the testimony offered by the defendant concerning the set-off upon the ground that he was seeking to establish the sale of goods and chattels exceeding in value $30, without the presence of any of the conditions required by section 6 of the statute, entitled "An act for the prevention of frauds and perjuries" (2 *Comp. Stat., p.* 2610), contrary to the contention of the defendant that under section 4 of "An act concerning the sale of goods and to make uniform the law relating thereto" (4 *Comp. Stat., p.* 4645), a contract for the sale of goods may be enforced without the existence of such conditions where the value of the goods sold is less than $500. The court ordered judgment for plaintiff, from which defendant appeals.

The only question presented and argued is whether section 4 of the statute to make uniform the law concerning the sale of goods repeals section 6 of the statute relating to frauds and perjuries, the former act having been passed and approved many years subsequent to the latter.

The statute relating to the sale of goods repeals all acts or parts of acts inconsistent with it, so that the only question to be decided is whether section 4 of this act is inconsistent with section 6 of the act relating to frauds and perjuries. Section 6 of the act for the prevention of frauds and perjuries declares that every contract for the sale of goods "for the price of $30 or upwards shall be void," unless (*a*) it be in writing, (*b*) the buyer shall accept part of the goods and actually receive the same, (*c*) the buyer shall give something to bind the bargain. Section 4 of the act relating to the sale of goods declares a contract to sell or a sale of goods of the value of $500 or upwards "shall not be enforceable by action," unless the buyer shall accept part and receive the same, or give something in earnest to bind the contract, or unless there be a writing signed by the party to be charged.

The only difference between the two acts is that in the first the contract is made "void," and in the second it is not

"enforceable." We can perceive no substantial variance, because if a contract is void it is not enforceable, and if not enforceable then it is to all intents and purposes void as between the parties, and therefore, in our opinion, the two acts are inconsistent, the effect of which is to repeal, by implication at least, section 6 of the act relating to frauds and perjuries, so that the value which can be contracted for without a writing, delivery and acceptance, or without payment on account, is $500.

In the case under consideration the value of the goods which the defendant claims to have sold to the plaintiff and for which he filed a set-off was $75, and if he proved the sale would have been entitled to a set-off against the demand of the plaintiff to that extent, and the refusal of the trial court to permit him to do it, because it exceeded in value $30, was an error which requires that this judgment be reversed.

The judgment is reversed.